IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
OCT 16 2015
10-16-15
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Bernard Gully (#2013-9127), )
)
Plaintiff, )
)
v. ) 15cv9206
) Judge Manish S. Shah
Ofc. Ustad Jaco #483, Ofc. Jermaine Jones #466, ) Magistrate Judge Michael T. Mason
Ofc. Gebert #484, Commander Darryl Stroud, ) PC3
Assistant States Attorney Tricia H. McKenna, )
Village of University Park, )
)
Defendants. )

## COMPLAINT
## PURSUANT TO TITLE 42 § 1983 U.S.C.

### COUNT I--VIOLATION OF DUE PROCESS
### UNDER THE FOURTH AND FOURTEENTH AMENDMENT

1. That Plaintiff is a Pro Se litigant, incarcerated, in the Will County Jail, Joliet, Illinois.

2. That Plaintiff is alleging a claim of *Violation of Due Process* by all Defendants, in violation of Section I of the Fourteenth Amendment of the Constitution which states that all persons have the right to be free from a prosecution based on fabricated evidence

3. That on November 19, 2013, Ofc. Ustad Jaco came to arrest Plaintiff, pursuant to a traffic stop, in University Park, Illinois.

4. That on April 25, 2014, the State tendered an answer to Plaintiff's *Motion for Additional Discovery,* stating that she, the State, had none of the *video evidence* for which the arresting officer claimed was gathered during Plaintiff's SFST (Standard Field Sobriety Test), while in custody, under squadroom video, as stated in the *Incident Report,* as tendered by said arresting officer.

5. That on, or about December 15, 2014, Commander Darryl Stroud of the University Park Police, stated in open court that the records pertaining to the *installed equipment* on the squad car in question, could not be made available to the court as opposed to a previous statement that he had made, stating that he was *in possession* of said records and that those records were available through himself, essentially, withholding *exculpatory evidence,* in violation of Supreme Court Rule 415 (g)(i).

6. That without said *video evidence,* members of the UPPD (University Park Police Department) who arrested and subsequently searched the Plaintiff did not have a warrant to search him, nor did they observe the Plaintiff in the commission of any federal, state, or local crime or ordinance violation, nor were there any other **articulable circumstances** that constituted **probable cause** to believe that the Plaintiff had committed any federal, state, or local crime or ordinance violation.

I. **Plaintiff(s):**

A. Name: BERNARD GULLY

B. List all aliases: _____

C. Prisoner identification number: 2013-9127  9042762

D. Place of present confinement: WILL COUNTY JAIL

E. Address: 95 S. CHICAGO ST., JOLIET, IL, 60436

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A. Defendant: USTAD JACO
   Title: POLICE OFFICER #485
   Place of Employment: UNIVERSITY PARK, IL 60484

B. Defendant: JERMAINE JONES
   Title: POLICE INVESTIGATOR #466
   Place of Employment: UNIVERSITY PARK, IL 60484

C. Defendant: DARRYL STROUD
   Title: POLICE COMMANDER
   Place of Employment: UNIVERSITY PARK, IL 60484

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

DEFENDANTS:

D. OFFICER GEBERT #484
U.P.P.D. POLICE
UNIVERSITY PARK, IL 60484    698 BURNHAM DR.

E. TRICIA H. McKENNA
ASSISTANT STATES ATTORNEY
57 N. OTTOWA ST., JOLIET, IL 60432

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: DELIBERATE INDIFFERENCE 8TH AMENDMENT 15C6561

B. Approximate date of filing lawsuit: 8-5-2015

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

D. List all defendants: BARBARA MILLER - BRIAN FINK

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): NORTHERN DISTRICT ILLINOIS, EASTERN DIV.

F. Name of judge to whom case was assigned: JOHN R. BLAKEY

G. Basic claim made: DELIBERATE INDIFFERENCE - MED STAFF WITHHELD PRESCRIBED MEDS TO SAVE MONEY IRREGARDLESS OF MY SUFFERING

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): PENDING

I. Approximate date of disposition: ?

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

7. The Fourth Amendment prohibits the introduction into evidence the direct and indirect products of unreasonable searches and seizures.

8. That the Plaintiff has been incarcerated, pending trial, subsequent to his arrest, and has therefore *been deprived* and continues to *be deprived* of his constitutionally guaranteed freedom and liberties.

### COUNT II—FALSE ARREST

9. The Plaintiff reasserts and realleges the allegations asserted in ¶¶ 1-8 of Count I of the Complaint.

### COUNT II—FALSE IMPRISONMENT

10. The Plaintiff reasserts and realleges the allegations asserted in ¶¶ 1-8 of Count I of the Complaint.

11. The Plaintiff respectfully requests the Court to extend *supplemental jurisdiction* on this state claim that has yet to be adjudicated in a state court and would result in unduly burdensome, duplicative litigation to the parties should the claim be relitigated in a state court setting.

### COUNT III—MALICIOUS PROSECUTION

12. The Plaintiff reasserts and realleges the allegations asserted in ¶¶ 1-8 of Count I of the Complaint.

13. The Plaintiff respectfully requests the Court to extend *supplemental jurisdiction* on this state claim that has yet to be adjudicated in a state court and would result in unduly burdensome, duplicative litigation to the parties should the claim be relitigated in a state court setting.

14. ASA McKenna, persists on continuing prosecution although Plaintiff has raised the issue of the State's lack of video evidence and how the proceedings *violate* numerous *statutes* regarding the State's inability to proceed on numerous occasions. When brought to her attention, Ms. McKenna refused to acknowledge the existence of the statutes and the fact that her continued action will result in numerous *ethical violations* and constitutes *Professional Misconduct* on her part. She not only has shirked her duty to *correct known* perjury, but suborns it and if she continues to verdict, will intentionally commit *false imprisonment*. As a result, the prosecution against Plaintiff persists in denying Plaintiff's Fourteenth Amendment right to be free from prosecution based on fabricated evidence.

### COUNT IV--CONSPIRACY

15. The Plaintiff reasserts and realleges the allegations asserted in ¶¶ 1-8 of Count I of the Complaint.

16. The Plaintiff respectfully requests the Court to extend *supplemental jurisdiction* on this state claim that has yet to be adjudicated in a state court and would result in unduly burdensome, duplicative litigation to the parties should the claim be relitigated in a state court setting.

2.

17. That the officers of UPPD have corroborated their testimony in an attempt to present a cohesive, consistent presentation of the facts, yet have miserably failed to do so, resulting in the presentation of the submission of fraudulent documents and the tendering of perjured testimony upon the court. ASA McKenna assisted the collaboration by her failure in her duty to correct known perjury, the presentation of false evidence to obtain an indictment, and the furtherance of the scheme.

## COUNT V—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

18. The Plaintiff reasserts and realleges the allegations asserted in ¶¶ 1-8 of Count I of the Complaint.

19. The Plaintiff respectfully requests the Court to extend *supplemental jurisdiction* on this state claim that has yet to be adjudicated in a state court and would result in unduly burdensome, duplicative litigation to the parties should the claim be relitigated in a state court setting.

20. That the Defendants have willfully and wantonly continued to proceed against Plaintiff should be found to be shocking to the conscience of the court and the people of this state. As a result of the *outrageous behavior* of the state actors/agents, Plaintiff has suffered public humiliation, emotional distress, chronic depression, anxiety over fear of assault, loss of income, inability to meet prior financial obligations and separation from society.

21. That the Defendants are officers of the court and have sworn an *oath of office* to the people of this state to perform their duties with honesty and integrity and to uphold the laws of this state and the constitution of these United States, therefore their actions display a total disregard for their *oath of office,* or the people that they've sworn to serve.

## COUNT VI—LOSS OF CONSORTIUM

22. The Plaintiff reasserts and realleges the allegations asserted in ¶¶ 1-8 of Count I of the Complaint.

23. The Plaintiff respectfully requests the Court to extend *supplemental jurisdiction* on this state claim that has yet to be adjudicated in a state court and would result in unduly burdensome, duplicative litigation to the parties should the claim be relitigated in a state court setting.

24. That due to Defendant's total disregard for Plaintiff's right to *due process,* Plaintiff has been forced to live without the consortium of his wife and family for two years and counting. Namely, his wife-Valerie, daughter-Lorna, sons-Victor, Franklin and Jason, grandchildren-Joshua, Victoria, Victor Junior, Isaiah, Marissa, Madison and McKenzie. Due to highly restrictive visitation policies at the Will County jail, visits are very limited and impersonal, employing a highly impersonal video interaction system and a restrictive/invasive screening process resulting in a 30 minute, *on screen,* appearance twice a week. Family contact is further hampered by an exorbitantly expensive *jailhouse* phone system, costing $10.00 for a 30 minute call plus an $8.00 transaction fee, further burdening family consortium. Also the cost of burdening the family/extended family with the loss of the Plaintiff's income, used to typically provide support for their life's needs.

V. **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

ASSESS THE DEFENDANTS $35M U.S.C. THATS $35,000,000 PUNITIVE DAMAGES FOR OUTRAGEOUS GOVERNMENT BEHAVIOR ET CETERA. ASA McKENNA-DISBARRED OFCS. JACO, JONES + STROUD FIRED W/NO PENSION.

VI. The plaintiff demands that the case be tried by a jury. ☑ YES ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 6TH day of OCT, 2015

_____
(Signature of plaintiff or plaintiffs)

BERNARD GULLY
(Print name)

2013-9/27    9042262
(I.D. Number)    WCADF

95 S. CHICAGO ST.
JOLIET, ILLINOIS 60436
(Address)