IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BERNARD GULLY (2013-9127), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15 C 9206 |
| v. | ) | |
| | ) | Judge Manish S. Shah |
| OFFICER USTAD JACO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's application for leave to proceed in forma pauperis [5] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $6.50 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court shall send a copy of this order to the trust fund officer at the Will County Jail. Summonses shall not issue at this time. Plaintiff's complaint is dismissed without prejudice for failure to state a claim. Plaintiff is given until 11/30/15 to submit an amended complaint. The Clerk is directed to send Plaintiff an amended civil rights complaint form with instructions, a copy of this order, and a blank USM-285 (Marshals service) form. The Court advises Plaintiff that a completed USM-285 form is required for each Defendant. Plaintiff's failure to comply with this order will result in dismissal of this case. Plaintiff's motion for attorney representation [3] is entered and continued and will be addressed in the event Plaintiff submits an amended complaint.

**STATEMENT**

Plaintiff Bernard Gully, a detainee at the Will County Jail, brings this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff raises claims regarding his arrest in 2013.

Plaintiff's application for leave to proceed in forma pauperis demonstrates he cannot prepay the filing fee and is granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $6.50 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350

filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

Plaintiff alleges that on November 19, 2013, Officer Ustad Jaco "came to arrest Plaintiff, pursuant to a traffic stop, in University Park, Illinois." Without alleging any facts concerning the basis (or lack thereof) for the arrest, Plaintiff next alleges that in April 2014, the prosecution in his state criminal matter indicated that the State did not have video evidence that the arresting officer claimed was gathered during Plaintiff's arrest, including a video of the Standard Field Sobriety Test. In December 2014, Commander Darryl Stroud stated in open court that the records pertaining to the installed equipment on the squad car could not be made available in open court, in contradiction to a previous statement that he was in possession of said records. Plaintiff alleges these actions have violated his constitutional rights and he remains incarcerated awaiting trial on his state criminal charges.

Plaintiff names Officer Ustad Jaco, Officer Jermaine Jones, Officer Gebert, Commander Darryl Stroud, Assistant State's Attorney Tricia McKenna, and the Village of University Park as Defendants. Plaintiff identifies six counts (claims) in his complaint. First he alleges that the above facts resulted in a violation of his due process rights under the Fourth and Fourteenth Amendment. However, the Court is unable discern what claim(s) Plaintiff is actually trying to raise in this count. There

are no allegations within the complaint as to Officer Jones and Officer Gebert, and it is not clear who Count I is brought against. This fails to provide any Defendant with sufficient notice of what the claim is and the grounds upon which it rests. *See Twombly,* 550 U.S. at 555; *see also Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) (Section 1983 requires a defendant's personal involvement in the alleged constitutional violation).

In Count II, Plaintiff raises a false arrest claim and in Count III he raises a state law false imprisonment claim. However, Plaintiff still fails to identify which Defendants he attempts to raise these claims against. Most of the allegations pertain to events that occurred in court during his state criminal matter after his arrest.

Plaintiff attempts to raise a malicious prosecution claim against Assistant State's Attorney McKenna in Count III. However, Plaintiff specifically pleads that his state criminal matter is still ongoing. Thus, he cannot state a claim for malicious prosecution at this time. *See Swick v. Liautaud*, 169 Ill.2d 504, 512 (1996) (to prevail on a malicious prosecution claim under Illinois law, a plaintiff must show the termination of the proceeding in the plaintiff's favor).

In Count IV, Plaintiff attempts to raise a state law conspiracy claim. Plaintiff alleges that police officers have corroborated their testimony in an attempt to present "a cohesive, consistent presentation of the facts, yet have failed miserably to do so" resulting in perjured testimony and fraudulent documents. Plaintiff alleges that the Assistant State's Attorney has failed to correct the known false testimony and false evidence. Plaintiff does not allege in what context the testimony was provided but, and as stated above, he does indicate his state criminal matter is ongoing. It would appear that Plaintiff is alleging false testimony to a grand jury as he alleges the false testimony resulted in an indictment. However, any claims based on testimony before the grand jury are barred by absolute immunity. *See Curtis v. Bembenek*, 48 F.3d 281, 284–85 (7th Cir. 1995); *Kincaid v. Eberle*, 712 F.2d 1023, 1024 (7th Cir. 1983).

In Count V, Plaintiff raises a state law claim of intentional infliction of emotional distress against the "Defendants" for their conduct. But it is unclear which Defendants did what to inflict emotional distress on the Plaintiff, and this count fails to provide any Defendant with sufficient notice of the grounds upon which the claim rests and who it is brought against.

Lastly, Plaintiff attempts to raise a loss of consortium claim in Count VI. However, Plaintiff cannot raise a loss of consortium claim. *See Blagg v. Illinois F.W.D. Truck & Equip. Co.*, 143 Ill. 2d 188, 199 (1991) (a loss of consortium claim is a derivative claim that is brought by the spouse of the physically injured party, and is distinct from the physically injured spouse's claim).

Based on the above, Plaintiff's complaint is dismissed without prejudice for failure to state a claim. Plaintiff is given leave to submit an amended complaint if he can do so in a manner that is consistent with the discussion above. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. In addition, Plaintiff must include a completed USM-285 form for each Defendant named in any amended complaint.

Plaintiff is also advised that any claims against Assistant State's Attorneys are likely barred by absolute immunity. It is well-established that a prosecutor is entitled to absolute immunity from suit with respect to certain types of official conduct, including initiation and pursuit of criminal prosecution, presentation of the state's case at trial and any other conduct that is closely associated with the judicial process. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Mendenhall v. Goldsmith*, 59 F.3d 685, 689 (7th Cir. 1995). In addition, Plaintiff's state law tort claims may be barred by the applicable statute of limitations. *See* 745 ILCS 10/8-101 (tort actions filed against a local entity or any of its employees must be "commenced within one year from the date that the injury was received or the cause of action accrued.").

Plaintiff is cautioned that an amended pleading supersedes the previous filings and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the previous complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached.

ENTER:

Date: 10/21/15

Manish S. Shah
United States District Judge