IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BERNARD GULLY (2013-9127), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15 C 9206 |
| v. | ) | |
| | ) | Judge Manish S. Shah |
| OFFICER USTAD JACO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's amended complaint [8] is accepted, in part. Plaintiff may proceed only on the claim of false arrest against Officers Jaco, Jones, and Gebert; the other claims are dismissed without prejudice. The Clerk shall (1) dismiss Commander Darryl Stroud, Assistant State's Attorney Tricia H. McKenna, and the Village of University Park as defendants; (2) issue summonses for service of the amended complaint on Defendant Officers Jaco, Jones, and Gebert; (3) attach a Magistrate Judge Consent Form to the summonses for Defendants; and (4) send Plaintiff a copy of this order and three blank USM-285 (Marshals service) forms. Plaintiff's spouse, Valerie S. Gully, may not proceed as a plaintiff on this complaint, and the Clerk shall not designate her as a plaintiff. The U.S. Marshal is appointed to serve Defendants Jaco, Jones, and Gebert. The Court advises Plaintiff that a completed USM-285 form is required for each Defendant. The U.S. Marshal will not attempt service on the Defendants unless and until the required form is received.

**STATEMENT**

Plaintiff Bernard Gully, a detainee at the Will County Jail, brings this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff's previous complaint was dismissed without prejudice for failure to state a claim. Currently before the Court is Plaintiff's amended complaint for initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013).

Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

Plaintiff alleges that on November 19, 2013, Officer Ustad Jaco stopped Plaintiff for allegedly speeding in University Park, Illinois. Plaintiff alleges that Officer Jaco had no evidence to support the alleged violation and he used that justification to conduct an illegal stop. Plaintiff was then unlawfully searched and arrested by Officers Jaco, Jones, and Gebert. Plaintiff alleges that Officer Jaco told Plaintiff that the cameras were on (either on a patrol car camera or squad room) and then fabricated an aggravated battery "event for the benefit of the camera." Plaintiff alleges that during subsequent court hearings in his state criminal matter, inconsistent statements were made about whether the patrol car had a camera and the existence of any videotaped recordings of Plaintiff. Plaintiff further alleges that testimony by the police officers during state court hearings has been inconsistent and improbable.

Plaintiff names Officer Ustad Jaco, Officer Jermaine Jones, Officer Gebert, Commander Darryl Stroud, Assistant State's Attorney Tricia McKenna, and the Village of University Park as Defendants. Plaintiff identifies eight counts (claims) in his complaint.

In Count I, Plaintiff alleges a violation of his right to due process based on the police officers' false allegations and false charges in addition to denying the existence of a patrol car camera and destroying the squad room video that captures the results of Plaintiff's Standard Field Sobriety Test and "other related DUI procedures."

The manufacturing of false evidence can violate a person's due process if that evidence is later used to deprive the criminal defendant of his liberty in some way. *See Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015); *Petty v. City of Chicago*, 754 F.3d 416, 422–23 (7th Cir. 2014); *Whitlock v. Brueggerman*, 682 F.3d 567, 580 (7th Cir. 2012). Given that Plaintiff's criminal case is apparently still underway, the complaint does not adequately allege how falsified evidence has been used to deprive Plaintiff of his liberty. Merely alleging "evidence fabrication" does not render every claim of police misconduct into a due process violation. *See Petty*, 754 F.3d at 422–23. Instead, "the true nature of the claim matters and parties should be precise in their terminology." *Id.* at 423.

2

Here, Plaintiff uses the phrase "manufactured false evidence." The alleged "manufactured false evidence" consists of allegations related to his initial stop and arrest—claims properly brought under the Fourth Amendment in Count II of Plaintiff's amended complaint—and testimony that the police officers made during court hearings. However, the police officers are entitled to absolute immunity from civil damages suits for testimony provided in judicial proceedings. *Briscoe v. LaHue*, 460 U.S. 325, 343-45 (1983); *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). While not clear if Plaintiff is also attempting to raise this claim against the Assistant State's Attorney, the prosecutor is entitled to absolute immunity from suit with respect to certain types of official conduct, including initiation and pursuit of criminal prosecution, presentation of the state's case at trial and any other conduct that is closely associated with the judicial process. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Mendenhall v. Goldsmith*, 59 F.3d 685, 689 (7th Cir. 1995). Accordingly, Plaintiff's allegations do not raise his due process claim "above the speculative level." Based on the complaint, there is no manufactured evidence claim separate from the Fourth Amendment claim, and absolute immunity would bar claims based on in-court testimony and prosecutorial conduct. Thus, Count I is dismissed without prejudice.

In Count II, Plaintiff raises a false arrest claim, alleging he was arrested without probable cause. These allegations, while sparse, are sufficient to put the defendants on notice as to the nature of the claim, and an arrest without probable cause does provide a basis for relief. Plaintiff may proceed on this claim against the alleged arresting officers: Officers Jaco, Jones, and Gebert.

Plaintiff raises state law claims of false imprisonment (Count III), conspiracy (Count IV) and intentional infliction of emotional distress (Count V). Plaintiff's false imprisonment claim is barred by the applicable statute of limitations. Section 8-101 of the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101, provides that tort actions filed against a local entity or any of its employees must be "commenced within one year from the date that the injury was received or the cause of action accrued." *See also Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002) (while the expiration of a statute of limitations is an affirmative defense, "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit"). A claim of false imprisonment accrues at the time the Plaintiff was held pursuant to judicially issued process. *National Casualty Co. v. McFatridge*, 604 F.3d 335, 344 (7th Cir. 2010). Here, Plaintiff alleges that he was arrested on November 19, 2013, and arraigned on November 20, 2015. The 2015 date is clearly a typographical error as Plaintiff filed suit prior to that date. Thus, the logical date of the arraignment is November 20, 2013, the day after his arrest. As such, Plaintiff was required to file suit within one

3

year of November 20, 2013, and the present claim, filed in October 2015, is time-barred.

The civil conspiracy claim alleges that all defendants acted in concert to violate Plaintiff's right to be free from prosecution based on fabricated evidence. Because the complaint does not adequately allege a viable due process violation, the claim of conspiracy also fails. In addition, the complaint does not provide defendants with adequate notice as to the agreement allegedly entered into by every defendant. Finally, to the extent the conspiracy alleged is an agreement by the arresting officers to seize Plaintiff without probable cause, that claim is duplicative of the viable claim in Count II, and as such, is superfluous. *See Scott v. City of Chicago*, — Fed. App'x. —, 2015 WL 6688043, at *1 (7th Cir. Nov. 2, 2015) (where all defendants are state actors, a conspiracy claim has no role to play). Count IV is dismissed without prejudice.

Plaintiff's intentional infliction of emotional distress claim is also deficient. In this claim, Plaintiff's conclusory allegation that all defendants intentionally inflicted emotional distress fails to put each defendant on notice as to what it is that individual defendant did. Moreover, Plaintiff pleads that he suffered sleeplessness, great sorrow, and anxiety. By pleading this level of detail, Plaintiff has demonstrated that he has not suffered the severe emotional distress required to state a claim. "The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." *Welsh v. Commonwealth Edison Co.*, 306 Ill.App.3d 148, 155 (1st Dist. 1999) (quotation omitted). Count V is dismissed without prejudice.

Plaintiff next attempts to raise a loss of consortium claim for his wife, whom he identifies as a co-plaintiff. However, his wife neither signed the complaint nor has she paid the filing fee or moved to proceed *in forma pauperis*. Accordingly, she and the claim are dismissed without prejudice.

In Count VII, Plaintiff raises a respondeat superior claim against the Village of University Park. However, a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of respondeat superior as to Plaintiff's Section 1983 claim, *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002), and Plaintiff's state law claims have all been dismissed, so his respondeat superior is also dismissed without prejudice.

Lastly, in Count VIII, Plaintiff attempts to raise a malicious prosecution claim against Assistant State's Attorney McKenna. However, Plaintiff pleads that his state criminal matter is still ongoing. Thus, he cannot state a claim for malicious prosecution at this time. *See Swick v. Liautaud*, 169 Ill. 2d 504, 512 (1996) (to prevail on a malicious prosecution claim under Illinois law, a plaintiff must show the

termination of the proceeding in the plaintiff's favor). Count VIII is dismissed without prejudice.

Based on the above, Plaintiff may proceed with his Section 1983 false arrest claim against Officers Jaco, Jones, and Gebert. All other defendants and claims are dismissed without prejudice.

The Court directs the Clerk to issue summonses for service of the amended complaint on Defendant Officers Jaco, Jones, and Gebert. The United States Marshals Service is appointed to serve Defendants. The Clerk is directed to mail Plaintiff three blank USM-285 (Marshals service) forms. The Court advises Plaintiff that a completed USM-285 form is required for each named Defendant. The U.S. Marshal will not attempt service on Defendants unless and until the required forms are received. The United States Marshals Service is appointed to serve the Defendants.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

ENTER:

Date: 11/25/15

Manish S. Shah
U.S. District Judge