FILED 11/25/2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED
NOV 16 2015
11-16-15
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Bernard Gully (#9042262),<br>Valerie S. Gully (spouse),<br><br>Plaintiff(s),<br><br>v.<br><br>Ofc. Ustad Jaco #483, Ofc. Jermaine Jones #466,<br>Ofc. Gebert #484, Commander Darryl Stroud,<br>Assistant States Attorney Tricia H. McKenna,<br>Village of University Park,<br><br>Defendants | Case No. 15 C 9206<br><br>Judge Manish S. Shah<br><br>Jury Demand (12-man) |

## AMENDED COMPLAINT
## PURSUANT TO TITLE 42 § 1983 U.S.C.

### STATEMENT OF FACTS

THE PLAINTIFF, Bernard Gully, hereby alleges that on November 19, 2013, he came to be stopped, purportedly for a traffic violation, i.e. speeding, yet the arresting officer, Jaco, has *no evidence* to support his claim(s), and used this as a pretext to justify the illegal *stop*. He was then unlawfully searched and arrested by Officers Jaco, Gebert and Jones of the University Park Police Department (UPPD). Subsequently, the Defendants proceeded to collude and conspire to fabricate evidence against him by denying the existence of the patrol car camera and destroying the squad room video which captures the results of the Plaintiff's Standard Field Sobriety Test (SFST) and other DUI related procedures. The arresting officer, Jaco stated to the Plaintiff at the time that he *accosted* him, "*the cameras on*", then proceeded to fabricate an Aggravated Battery event for the benefit of the camera. When the Plaintiff *Motioned* for said video evidence in court, ASA McKenna, tendered her answer to said *Motion,* on April 25, 2014, stating unequivocally, that she, the State had *none* of the video evidence of which Ofc. Jaco refers to in the Incident Report that he tendered to the court, that was gathered during the *in custody* interrogation.

In a previous appearance, Ofc. Jones stated in open court that there was not any camera in Ofc. Jaco's patrol car. However, during Plaintiff's Motion for Discovery Sanctions, Commander Darryl Stroud stated in open court that he was *in possession* of the records for "Any and All Equipment Installed" on Jaco's patrol car, which was being sought to verify the existence of the camera, and that those records were available through himself. On December 17, 2014, Cmdr. Stroud, in answer to Plaintiff's *subpoena* for said records, came to state, clearly perjuring himself, that he could not make those records available. As a result, Judge Jones denied Plaintiff's motion and dismissed the subpoena and *Rule to Show Cause,* dismissing Cmdr. Stroud.

Ofc. Jaco has written the Plaintiff traffic tickets for a *stop sign violation* and *no insurance*, yet in his report Jaco states that the Plaintiff *stopped* and backed into his patrol car, at that same intersection,

1.

doing minor damage to the passenger side bumper and fender, but has no damage repair cost estimate to support said claim. He also proceeded to included Plaintiff's *insurance information* in the accident report. He also failed to charge Plaintiff with *Criminal Damage to Property,* which would apply had it *actually* happened that way.

The officers have testified in open court that *they witnessed* the Plaintiff stepping out of the car, wielding a stun-gun which they claim was allegedly *armed and charged*, however, Gebert and Jones didn't arrive until 5-10 minutes after he had exited the car and was standing with his hands on the roof of the car, as Jaco has testified to. The Plaintiff subsequently *Motioned* for Jones to bring the stun-gun into court for demonstration purposes, and upon examination, it failed to fire, apparently because of a discharged condition as opposed to the *charged and armed* status that the Defendants had alleged.

Gebert and Jones have also testified that they witnessed Plaintiff kicking Jaco about the legs, yet, if you add-up the times of their arrival, he would have had to been kicking the officer for about 15 minutes, non-stop, *and* while hand-cuffed in the back of a squad car (improbable?). Gebert has also testified that he *did not* smell any alcohol on the Plaintiff at the time, yet Jaco reports that he had a strong odor of alcohol on his breath and his clothes. Their reports and testimony are rife with inconsistencies and improbabilities, yet ASA McKenna persists in continuing to prosecute and even refused to acknowledge the existence of the *statutes* that govern the admissibility of the Defendants testimony absent the evidence lost in *bad faith.* She has not only shirked her duty to correct known perjury, but *suborns* it. Therefore the Plaintiff charges the Defendants with the following: I-Violation of Due Process, II-False Arrest; III-False Imprisonment; IV-Conspiracy; V-Intentional Infliction of Emotional Distress; and Co-Plaintiff Valerie Gully charges VI-Loss of Consortium; to the Village of University Park, Count VII-Respondent Superior; and finally to ASA McKenna, Count VIII-Malicious Prosecution.

The Plaintiff also respectfully requests the Court to extend *supplemental jurisdiction* on this state claim that has yet to be adjudicated in a state court and would result in unduly burdensome, duplicative litigation to the parties should the claim be relitigated in a state court setting.

The Plaintiff further asks the Court to stay the state proceedings, but proceed on the § 1983 claims of Violation of Fourteenth Amendment Due Process and False Arrest. Accordingly, this Court held in *Fox v. Tomczak,* to be a feasible when they stated that:

The Seventh Circuit has yet to explicitly recognize a potential constitutional right to be free from prosecution based on evidence fabricated by the government where no trial is held or guilty plea is entered. See *McCann v. Mangialardi,* 337 F.3d 782, 787-88 (7th Cir. 2003) ("it is highly likely that the Supreme Court would find a violation of the Due Process Clause if prosecutors or other relevant government actors have knowledge of a criminal defendant's factual innocence but fail to disclose such information to a defendant before he enters into a guilty plea."). However, it has been recognized that a due process violation can occur when no trial takes place. See *United States v. Salerno,* 481 U.S. 739, 746-52, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987) (loss of liberty occurs when person is arrested and imprisoned pending trial).

Several other circuit courts of appeal have found that there is a clearly established constitutional due process right not to be subjected to prosecution on the basis of false evidence that was deliberately fabricated by the government. See *Zahrey v. Coffey,* 221 F.3d 342, 349 (2d Cir. 2000) *(Zahrey)* (prosecutor acting in investigatory role who falsified evidence violated plaintiff's due process rights);

2.

see also *Devereaux v. Abbey,* 263 F.3d 1070, 1074-75 (9th Cir. 2001 ) (en banc) (right to be free from criminal charges based on fabricated evidence); *Limone v. Condon,* 372 F.3d 39, 44-45 (1st Cir. 2004) (right not to be framed by the government is obvious constitutional right); *Washington v. Wilmore,* 407 F.3d 274, 282, 282-84 (4th Cir. 2005) (government's creation of false evidence is Fourteenth Amendment issue); *Moran v. Clarke,* 296 F.3d 638, 646-47 (8th Cir. 2002) (en banc) (law enforcement's intentional creation of damaging facts resulting in pretrial detention violates Fourteenth Amendment's substantive due process protection). The *Zahrey* court's thorough analysis of this issue is persuasive. 2006 U.S. Dist. LEXIS 27654 (2006).

## COUNT I—VIOLATION OF FOURTEENTH AMENDMENT DUE PROCESS

1. The Plaintiff is a Pro se litigant, presently incarcerated in the Will County Jail, Joliet, Illinois.

2. That Plaintiff is alleging a claim of *Violation of Due Process* by all Defendant's, in violation of the Fourteenth Amendment of the Constitution.

3. When Ofc. Jaco conducted the traffic stop upon Plaintiff, he alleged that he was exceeding the posted speed limit. Officer Jaco fabricated his justification for the stop by merely stating in his report that Plaintiff was speeding, without the standard evidentiary support of a radar speed-gun *print-out* or by *showing* the reading to the Plaintiff or using the widely-accepted *pace* method to verify speeding.

4. All Defendant's manufactured false evidence when they alleged that Plaintiff exited his vehicle while wielding a *charged and armed* stun-gun, when in fact, a demonstration was conducted with ASA McKenna present, that proved that the unit was *discharged* because the batteries were dead. Initially, this fabrication lead to a charge of *Unlawful Use of a Weapon by a Felon* (a class III felony).

5. Officer Jaco falsely accused Plaintiff of *Aggravated Battery* on a police officer (a class II felony). Gebert and Jones have also testified that they witnessed Plaintiff kicking Jaco about the legs, yet, if you add-up the times of their arrival, he would have had to been kicking the officer for about 15 minutes, non-stop, *and* while hand-cuffed in the back of a squad car.

6. Officer Jaco manufactured additional charges against Plaintiff when he alleges that Plaintiff had a strong odor of alcohol about his clothing and his breath [in support of the DUI charge], while Gebert contradicts that testimony with his testimony, stating that there was no odor of alcohol. Defendants proceeded to collude and conspire to fabricate evidence against him by denying the existence of the patrol car camera and destroying the squad room video which captures the results of the Plaintiff's Standard Field Sobriety Test (SFST) and other DUI related procedures.

## COUNT II—FALSE ARREST

7. Plaintiff reasserts and realleges the facts stated in ¶¶ 1-6 of Count I.

8. As a result of the facts elicited in Count I, the Defendants clearly lacked Probable Cause due to the arrest based on false and fabricated evidence.

## COUNT III—FALSE IMPRISONMENT

9. The Plaintiff' reasserts and realleges the facts stated in ¶¶ 1-8 of Counts I & II.

10. The Plaintiff respectfully requests the Court to extend *supplemental jurisdiction* on this state claim that has yet to be adjudicated in a state court and would result in unduly burdensome, duplicative litigation to the parties should the claim be relitigated in a state court setting.

11. As a result of all Defendant's unlawful actions to deprive Plaintiff of his Constitutional rights guaranteed by the Fourth and Fourteenth Amendments of the U.S. Constitution. The Plaintiff has been continuously incarcerated since his arraignment on November 20, 2015.

## COUNT IV—CONSPIRACY

12. The Plaintiff' reasserts and realleges the facts stated in ¶¶ 1-11 of Counts I-III.

13. The Plaintiff respectfully requests the Court to extend *supplemental jurisdiction* on this state claim that has yet to be adjudicated in a state court and would result in unduly burdensome, duplicative litigation to the parties should the claim be relitigated in a state court setting.

14. All Defendants acted *in concert* to deprive Plaintiff of his Constitutional rights to be free from prosecution based on fabricated evidence guaranteed by the Fourth and Fourteenth Amendments of the U.S. Constitution.

## COUNT V—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

15. The Plaintiff reasserts and realleges the facts stated in ¶¶ 1-14 of Counts I-IV

16. The Plaintiff respectfully requests the Court to extend *supplemental jurisdiction* on this state claim that has yet to be adjudicated in a state court and would result in unduly burdensome, duplicative litigation to the parties should the claim be relitigated in a state court setting.

17. That as a result of the extreme and outrageous conduct of all Defendants, in that all Defendants did collaborate and conspire to falsely arrest, prosecute and imprison Plaintiff, in which they owe a duty to refrain from such unconstitutional actions, and these actions did cause Plaintiff to suffer greatly by his inability to sleep at night, great sorrow for his long-term incarceration and being separated from his loved ones, anxiety about false conviction, inability to meet prior financial and business obligations and further aggravation of a pre-existing gastro-intestestinal malady.

18. Under Illinois law, a claim for IIED includes that: (1) the defendant's behavior was extreme and outrageous; (2) the defendant either "intended that his conduct should inflict severe emotional distress, or knew that there was a high probability that his conduct would cause severe emotional distress;" (3) the defendant's behavior actually did cause emotional distress; and (4) the distress suffered by the plaintiff(s) was in fact severe. *Doe v. Calumet City,* 161 Ill. 2d 374, 392, 641 N.E.2d 498, 204 Ill. Dec. 274 (1994). Abuse of power increases the outrageousness of behavior *Doe,* 161 Ill. 2d at 392. For example, threats made by someone with the authority and with the ability to exercise those threats over someone else's interests can be outrageous. *McGrath v. Fahey*, 126 Ill. 2d 78, 87, 533 N.E.2d 806, 127 Ill. Dec. 724 (1988). Allegations that a state official fabricated false or misleading evidence of guilt or

concealed exculpatory evidence would be sufficiently "outrageous" to support an IIED claim. See *Carroccia,* 249 F. Supp. 2d at 1028 (addressing investigator's improper concealment of evidence from the prosecutor); see also *Treece v. Village of Naperville,* 903 F.Supp. 1251, 1259 (N.D. Ill. 1995), aff'd, 213 F.3d 360 (7th Cir. 2000) (same).

## COUNT VI—LOSS OF CONSORTIUM

19. The Plaintiff, Valerie Gully, wishes to reassert and reallege the facts in ¶¶ 1-11 of Counts I-III.

20. The Plaintiff respectfully requests the Court to extend *supplemental jurisdiction* on this state claim that has yet to be adjudicated in a state court and would result in unduly burdensome, duplicative litigation to the parties should the claim be relitigated in a state court setting.

21. As a result of Plaintiff's *False Arrest* and long-term *False Imprisonment,* Co-Plaintiff, Valerie Gully, the wife of Plaintiff, Bernard Gully who have been wedded in excess of 35 years and has relied on her husband for financial, emotional and conjugal support, has suffered great losses from the lack of her husbands companionship and economic resources, namely, his ability to provide financial support causing her stress and anxiety by her economic constraints.

## COUNT VII—RESPONDEAT SUPERIOR

22. The Plaintiff reasserts and realleges the facts stated in ¶¶ 1-21 of Counts I-VI.

23. The Plaintiff respectfully requests the Court to extend *supplemental jurisdiction* on this state claim that has yet to be adjudicated in a state court and would result in unduly burdensome, duplicative litigation to the parties should the claim be relitigated in a state court setting.

24. The Plaintiff charges that as a result of the conduct of their employees, namely the officers of UPPD, that the Village of University Park whom is ultimately responsible for the actions of their employees, should assume liability for their actions, financial and otherwise.

## COUNT VIII—MALICIOUS PROSECUTION

25. The Plaintiff reasserts and realleges the facts stated in ¶¶ 1-24 of Counts I-VII.

26. The Plaintiff respectfully requests the Court to extend *supplemental jurisdiction* on this state claim that has yet to be adjudicated in a state court and would result in unduly burdensome, duplicative litigation to the parties should the claim be relitigated in a state court setting.

27. The Plaintiff charges that ASA McKenna persists in continuing prosecution although Plaintiff has raised the issue of the State's lack of *video evidence* repeatedly during *Motion* hearings and how the proceeding violate numerous statutes regarding the State's inability to proceed on numerous occasions. Ms. McKenna refused to acknowledge the existence of the statutes and the fact that her continued action will result in numerous *ethical violations* and constitutes *Professional Misconduct* on her part. She has not only shirked her duty to correct known perjury, but suborns it and if she continues to *verdict,* will intentionally commit *false imprisonment* on an even grander scale. As a result, the Prosecution against Plaintiff persists in denying Plaintiff's Fourteenth Amendment right to be free from prosecution based on fabricated evidence.

## PRAYER FOR RELIEF

THE PLAINTIFF, Bernard Gully, requests *trial by jury* and seeks actual, compensatory and punitive damages in the amount of Thirty Five Million Dollars [$35M U.S.C.].

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 12th day of November, 2015.

_____
BERNARD GULLY
I.D. 9042262
WCADF
JOLIET, IL  60436