## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

BERNARD GULLY (#N92475),       )
                                    )
             Plaintiff,       )
                                    )      Case No. 15 C 9206
      v.                        )
                                    )      Judge Manish S. Shah
                                    )
OFFICER USTAD JACO, *et al.*,      )
                                    )
           Defendants.     )

## ORDER

Defendants' motion to dismiss [56] is granted. The complaint is dismissed without prejudice based on *Heck v. Humphrey*. Enter judgment and terminate case.

## STATEMENT

Plaintiff Bernard Gully, an Illinois prisoner, brings this civil rights action under 42 U.S.C. § 1983, claiming that Defendants (three University Park, Illinois police officers) falsely arrested him in violation of the Fourth Amendment. Defendants argue that Plaintiff's amended complaint must be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff alleges that on November 19, 2013, Defendant Jaco stopped him for allegedly speeding in University Park, Illinois; however, Jaco had no evidence to support the alleged speeding violation and used the alleged speeding as a pretext to conduct an illegal stop. Plaintiff was then unlawfully searched and arrested by defendants Jaco, Jones, and Gebert. Dkt. 8, Am. Complt., at 1. Plaintiff further alleges that Jaco told him that the cameras were on and then fabricated an aggravated battery "event for the benefit of the camera." *Id.*

The Court takes judicial notice of the public records of Gully's state-court criminal proceedings. *See Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017), reh'g denied (Aug. 14, 2017) ("the court 'may . . . take judicial notice of matters of public record.'") (quoting *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)).

After his arrest on November 19, 2013, Plaintiff was initially charged by information with aggravated battery and aggravated driving while under the

influence. On November 19, 2013, Plaintiff was also issued citations for and charged with traffic violations. Dkt. 56-1, at 20-23.

At his first hearing, Plaintiff pled not guilty, but waived his right to a *Gerstein* (i.e., probable cause) hearing. Dkt. 56-1, at 23; Dkt. 56-4, at 4. Later, a grand jury charged Plaintiff with aggravated battery, aggravated driving under the influence, and aggravated driving while license suspended. *Id.*, Ex. 1 at pp. 20-23; Ex. 2 at UP 35-38, 53, 64-69; Ex. 12 at p. 1. Gully pled not guilty. *Id.*, Ex. 1 at p. 22; Ex. 2 at UP 60; Ex. 4 at p. 2.

Gully filed several pre-trial motions during his criminal proceedings, including a motion to dismiss the bill of indictment, motions to quash arrest and suppress evidence, motions for discovery and discovery sanctions, and a motion *in limine* to bar certain evidence. The circuit court denied each of Gully's pre-trial motions. *Id.*, Ex. 1 at pp. 8- 20; Ex. 2 at UP 71-78, 95-96, 101-103, 111-113, 118-119, 130-131, 136-138, 141-142, 144-145, 205-207, 211; Ex. 5; Ex. 6; Ex. 7; Ex. 8; Ex. 9; Ex. 10.

Gully filed this lawsuit in 2015, and by agreement, the case was stayed while Gully's criminal prosecution was pending. On January 4, 2016, Gully pled guilty to and was convicted of the offenses of aggravated DUI and aggravated battery by the circuit court. In exchange for his guilty plea, the charge of aggravated driving while license suspended/revoked and the traffic violation charges were *nolle prosequi'd. Id.*, Ex. 1 at p. 8; Ex. 11 at p. 2; Ex. 13 at UP 266-383. The circuit court sentenced Gully to four years' imprisonment. *Id.*, Ex. 1 at p. 8; Ex. 2 at UP 1-3, 236-248; Ex. 11.

The circuit court found that the following factual basis existed for Gully's guilty plea:

> [O]n November 19, 2013, at approximately 2 p.m. an officer with the University Park police department attempted to stop this defendant near 24520 Western avenue in University Park for speeding, going 67 in a 45. After stopping the defendant, the officer noticed him holding an unknown object in his hand. When the defendant exited, the defendant dropped the item inside of his car. The officer noticed a strong odor of alcoholic beverage coming from the defendant. He began arguing with the [officer] about the stop. He would not present his hands to the officer. He eventually, the officer, located a pocket knife on the defendant's person when he started patting him down. The defendant then kicked the officer in the knee and stomped on his foot numerous times. The officers looked, found a taser gun inside of his vehicle that was aggravated (sic) and charged, two bottles of Bacardi rum; one of which was half full. State's evidence would show that the defendant's license was revoked for reckless homicide DUI conviction

from 1986. The defendant was required to have a BAIID device installed to drive. He didn't have a device. He refused field sobriety tests, refused all chemical tests, and would periodically fall asleep and wake up during processing. The State's evidence would further identify that police officer as Ustad Jaco.

*Id.*, Ex. 11, pp. 5-7, 13-14.

On January 19, 2016, Gully filed a post-conviction petition contending that: (1) he was coerced into signing a jury waiver, (2) his attorney was ineffective for failing to present a defense, and (3) the circuit court erred in denying his pre-trial motions. The circuit court denied Gully's post-conviction petition. *Id.*, Ex. 1 at p. 7; Ex. 2 at UP 249-59.

Gully then appealed the denial of his post-conviction petition to the Illinois Appellate Court for the 3rd Judicial District. Ex. 1 at pp. 3-6; Ex. 12. On May 1, 2018, the appellate court denied Gully's appeal and affirmed his criminal convictions. *Id.* Ex. 1 at p. 3; Ex. 12.

In February 2019, Gully represented to this Court that he had belatedly sent his petition for leave to appeal to the Illinois Supreme Court, and conceded that the appeal will likely be determined to be time-barred. The Court then concluded that Gully's challenge to his criminal conviction was over and this case should no longer be stayed. Dkt. 47, 48. Defendants then moved to dismiss the complaint based on *Heck*.

Plaintiff argues that *Heck* is inapplicable because he was not "convicted"— rather, he was sentenced pursuant to a guilty plea. Plaintiff is incorrect. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969) ("A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment."). Accordingly, the question becomes whether Plaintiff's success in this case would necessarily call into question the validity of his convictions. It would and therefore Plaintiff's action is *Heck* barred.

The import of both Plaintiff's amended complaint and his response to Defendants' motion to dismiss is that he did nothing wrong and did not commit the crimes for which he was arrested, charged, found guilty, and sentenced.

Plaintiff alleges in his amended complaint, "[O]n November 19, 2013, he came to be stopped purportedly for a traffic violation, i.e., speeding, yet the arresting officer, Jaco, has no evidence to support his claim(s), and used this as a pretext to justify and

illegal stop." Dkt. 8, at 1. "The arresting officer, Jaco . . . then proceeded to fabricate an Aggravated Battery event[.]" *Id.*

The amended complaint goes on to allege that the reports and testimony in the underlying criminal proceedings of officers who were present at the scene at the time of his arrest are "rife with inconsistencies and improbabilities." *Id.* at 2. Plaintiff alludes, albeit indirectly, to his factual innocence. See *id.* at 2 (citing *McCann v. Mangialardi*, 337 F.3d 782 (7th Cir. 2003)). Plaintiff's rebuttal to Defendant's Motion to Dismiss is to the same effect. But these assertions are inconsistent with the factual basis for Plaintiff's guilty plea, to which Plaintiff, through counsel, agreed.

*Heck* does not automatically preclude a claim of false arrest. "The fact that there is ultimately sufficient evidence to convict a criminal defendant does not always mean that there was probable cause to arrest him in the first place." *Lang v. City of Round Lake Park*, 87 F. Supp. 2d 836, 843 (N.D. Ill. Jan. 4, 2000). Nevertheless, in cases like this, where the false arrest claim rests on an assertion of innocence, the false arrest claim implicitly calls into question the validity of the Plaintiff's criminal conviction. *See, e.g.*, *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("Okoro adhered steadfastly to his position that . . . he was framed; in so arguing he was making a collateral attack on his conviction, and *Heck* holds that he may not do that in a civil suit,"). Here, as in *Okoro*, by claiming—as he does in his amended complaint—that "Jaco . . . fabricated [the] Aggravated Battery," Plaintiff is making a collateral attack on his conviction; hence, "*Heck* kicks in and bars his civil suit." *Okoro*, 324 F.3d at 490; *see also Tolliver v. City of Chicago*, 820 F.3d 237, 243–44 (7th Cir. 2016) ("if the incident unfolded as Tolliver alleges in his civil suit, then he could not have been guilty of aggravated battery of a peace officer . . . . *Heck* bars his civil suit."); *Norris v. Baikie,* No. 14-CV-1652, 2017 WL 395699, at *4 (N.D. Ill. Jan. 30, 2017) ("Plaintiff's factual allegations in this civil case and his adherence to his position that he did nothing wrong necessarily imply the invalidity of his criminal convictions, and Plaintiff's Fourth Amendment claims are barred by *Heck*.").

Before an Illinois court can accept a guilty plea, the court must first determine that there is a factual basis for the plea, *see* Ill. S. Ct. R. 402 ("The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea."). Plaintiff admitted to a factual basis when he pled guilty, and his current claims that he, in fact, did nothing wrong are now inconsistent with his criminal conviction.

On about December 23, 2015, Plaintiff filed a motion in his criminal proceeding titled, "Motion to Accept Plea Agreement," Dkt. 56, Ex. 2 (Part 2), at 102, in which Plaintiff states that "he has concluded that the State [plea] offer is in his best interests, and wishes to take advantage of the State's generosity." Thereafter, at his plea hearing, Plaintiff, through his counsel, agreed with the State's recitation of the

4

factual basis for the plea; and then, when asked by the Court, "Mr. Gully, are those the crimes that you committed, sir?," Plaintiff answered, "Yes"—at which point the court put on the record, "Show the Court finds a factual basis exists for the guilty plea." Dkt. 56, Ex.11, at 6-7.

Plaintiff admitted to speeding (going 67 in a 45). Likewise, Plaintiff agreed that Jaco "noticed a strong odor of alcoholic beverage coming from the [Plaintiff]," that Plaintiff "then kicked Jaco in the knee and stomped on Jaco's foot numerous times," and that, the arresting officers found "two bottles of Bacardi rum, one of which was half full" in Plaintiff's car at the time of the traffic stop. *Id*. at 5-6. These admissions together with Plaintiff's admission to speeding establish that Jaco had probable cause to arrest Plaintiff for aggravated battery* and driving under the influence. *See, e.g., People v. Tatera*, 2018 IL App (2d) 160207, 103 N.E.3d 1059, 1068 (2018); *People v. Williams*, ---N.E.3d ---, 2018 IL App (2d) 160683, ¶¶ 14-18 (2018); *People v. Rush*, 319 Ill.App.3d 34, 40-41, 745 N.E.2d 157, 163 (Ill. App. 2008); *People v. Weathersby*, 383 Ill. App. 3d 226, 890 N.E.2d 620 (2008); *People v. King*, 2014 IL App (2d) 130461, ¶ 12; *see also Wells v. City of Chicago*, 1999 WL 169333, *6 (N.D. Ill. Mar. 16, 1999), *aff'd*, 1 Fed. Appx. 515 (7th Cir. 2001) (citing *People v. Wingren*, 167 Ill.App.3d 313,320-21 (Ill. App. 1988), and holding that officer had probable cause to arrest plaintiff for DUI where he smelled of alcohol, had glassy eyes and slurred speech, and admitted he had been drinking earlier, the officers found bottles of alcohol, some empty, one half-empty, in the car, and plaintiff was uncooperative).

In short, Plaintiff cannot, consistent with *Heck*, admit to a factual basis in his criminal case, and then bring a § 1983 action that implies the invalidity of that same factual basis (and in turn, his conviction). Plaintiff disputes the validity of his conviction and asserts his innocence. He also raises arguments about the unfairness of his criminal case. He has pursued available avenues to secure his release from prison. But those efforts have been unsuccessful, and as a result, this damages lawsuit is not available to him.

---

* Plaintiff's aggravated battery offense was charged under 720 ILCS 5/12-305(d)(4), which makes the battery an "aggravated battery" if the victim is a policeman performing his/her official duties. *See* 720 ILCS 5/12-305(d)(4)(i) and (ii). The Supreme Court's example of a barred § 1983 case fits here: "A state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a *lawful* arrest. . . . He then brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures. In order to prevail in this § 1983 action, he would have to negate an element of the offense of which he has been convicted. Regardless of the state law concerning res judicata, see n. 2, *supra*, the § 1983 action will not lie." *Heck*, 512 U.S. at 487 n.6.

Defendants' motion to dismiss is granted. Plaintiff's amended complaint is dismissed without prejudice as *Heck* barred, and the Court does not reach Defendants' collateral estoppel argument. Plaintiff has been given an opportunity to amend his complaint once. Based on his insistence that his arrest was unlawful because he was not guilty, further amendment would be futile so long as his criminal conviction is valid.

If Plaintiff wants to appeal, he must file a notice of appeal with this court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If he appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, he could be assessed a "strike" under 28 U.S.C. § 1915(g). The accumulation of three strikes results in an inmate not being able to file a suit or an appeal in federal court (except a petition for habeas corpus relief), without prepaying the filing fee unless he is in imminent danger of serious physical harm. See § 1915(g). If Plaintiff seeks to proceed in forma pauperis on appeal, in order to pay the filing fee in installments with monthly deductions from his prison trust fund account, he must submit an IFP application in this court, demonstrating not only his inability to prepay the fee but also stating the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1).

ENTER:

Date: August 27, 2019

Manish S. Shah
U.S. District Judge